**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**SCOTT SOUTULLO**                                                                                               **PLAINTIFF**

**V.**                                                                                                  **NO. 3:19-CV-148-DMB-RP**

**TYLER L. SMITH, et al.**                                                                                   **DEFENDANTS**

**ORDER**

On July 18, 2019, Haymans Capital Management and Calvin Land filed a joint motion for summary judgment. Doc. #13. In support of the motion, Haymans and Land filed both a memorandum and an "Itemization of Material Facts to Which There Is No Genuine Dispute." Docs. #14, #15. Numerous exhibits are attached to the itemization.[1] *See* Docs. #15-1 to #15-10.

Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court contemplate the filing of a separate itemization of facts. *Automation Design & Sols., Inc. v. Yeliseyev*, No. 3:08-cv-589, 2012 WL 12974010, at *4 (S.D. Miss. Feb. 29, 2012). Such filings clutter the docket and provide an avenue for circumventing the page limits imposed by the Local Rules. *See Landrum v. Conseco Life Ins. Co.*, No. 1:12-cv-5, 2013 WL 6019303, at *15 (S.D. Miss. Nov. 13, 2013) (statement of facts in motion deemed attempt to circumvent page limits).

Upon consideration, the motion for summary judgment [13] is **DENIED without prejudice** to re-filing in compliance with this Court's Local Rules. Haymans and Land may re-file the motion within seven (7) days of this order. The re-filed summary judgment motion may not include any new argument or basis for summary judgment. The accompanying memorandum brief must also comply with this Court's Local Rules and may not include new legal arguments.

---

[1] To the extent these exhibits support the motion for summary judgment, their attachment to the itemization violated the Court's Local Rules. *See* L.U. Civ. R. 7(b)(2) ("All affidavits, 28 U.S.C. § 1746 declarations, and other supporting documents and exhibits, excluding the memorandum brief, must be filed as exhibits to the motion ….").

Because the motion for summary judgment has been denied, the two pending motions for an August 15 extension of the deadline to respond to the motion for summary judgment [21][22] are **DENIED as moot**.

    **SO ORDERED**, this 7th day of August, 2019.

                                              **/s/Debra M. Brown**
                                              **UNITED STATES DISTRICT JUDGE**