**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**SCOTT SOUTULLO**                                                                      **PLAINTIFF**

**V.**                                            **NO. 3:19-CV-148-DMB-RP**

**TYLER L. SMITH, et al.**                                          **DEFENDANTS**

**ORDER**

This interpleader action is before the Court on Haymans Capital Management, LLC and Calvin Land's motion for summary judgment. Doc. #26.

**I**
**Procedural History**

On December 15, 2015, Scott Soutullo filed a "Complaint for Interpleader" in the Circuit Court of Lafayette County, Mississippi. Doc. #17-2. The complaint concerned $3,026.95 in fees "due to be paid to Attorney Tyler L. Smith and/or Tyler L. Smith & Associates, PLLC" regarding BP oil spill claims. *Id.* at 4–5. After a period of litigation largely irrelevant to this case, which included multiple amended pleadings, on May 14, 2019, Soutullo filed a "Fourth Amended Complaint for Interpleader." Doc. #2.

In the amended pleading, the subject of the interpleader is $492,678.00 in "funds that have become payable to Attorney Tyler L. Smith and/or Tyler L. Smith & Associates, PLLC by virtue of being owed fees in certain cases related to the BP oil spill claims process" which were "tendered to Scott Soutullo … to hold …." *Id.* at ¶¶ 2, 38. The interpleader complaint names twenty-six claimants: (1) Tyler Lee Smith; (2) Tyler L. Smith & Associates, PLLC; (3) Karen Smith; (4) George Haymans, DBA Haymans Capital Management ("Haymans"); (5) John Green; (6) Michael Joe Cannon; (7) Don Davis; (8) Mike Huggins; (9) Frank Yerger; (10) Robert Grantham; (11)

Calvin Land; (12) Jeff Irvin; (13) Jason Shelton; (14) Meriwether Shelton; (15) Beacon Holdings, LLC; (16) Ray Poole; (17) Adrianne Lovelady; (18) Dwight Lovelady; (19) Tracy Williams; (20) Ann McCain; (21) Lawrence Hoskins; (22) Danny A. Drake; (23) James Irvin; (24) Scott Soutullo; (25) Cunningham Bounds, LLC; and (26) the United States of America ("government"), named as the "Northern District of Mississippi U.S. Attorney." *Id.* at 2–7.

On July 8, 2019, the government, citing 28 U.S.C. § 1444, removed the interpleader action to the United States District Court for the Northern District of Mississippi. Doc. #1. On August 13, 2019, Haymans and Land filed an amended motion[1] for summary judgment seeking a "determin[ation] that their claims against the funds … have priority over all claims" and "immediate distribution from the fund … in the amount of $351,379.50 to Haymans and $155,900 (or the remaining balance) of the fund [to Land]."[2] Doc. #26 at 1, 4. A separate response to the motion was each filed by Soutullo,[3] the government,[4] and Grantham and Yerger jointly.[5] Within the response deadline,[6] Hoskins, and Grantham and Yerger jointly, each joined the government's response.[7] Docs. #39, #42. Haymans replied on September 3, 2019.[8] Doc. #45.[9]

---

[1] Their earlier motion for summary judgment was denied without prejudice for failure to comply with the Local Rules of this Court. Doc. #25.

[2] The motion assumes a fund in the amount of $507,279.50. However, it appears the amount deposited with the Court is $529,903.25. *See* Docs. #33, #53.

[3] Doc. #34.

[4] Doc. #37.

[5] Doc. #40.

[6] Cannon, Poole, Davis, Huggins, McCain, and Williams all filed purported joinders after the deadline to respond to the motion for summary judgment. Docs. #43, #44, #47. Such joinders will not be considered. *See generally Tarlton v. Exxon*, 688 F.2d 973, 977 n.4 (5th Cir. 1982) ("A party may not belatedly join another litigant's motion ….").

[7] Cunningham Bounds, which was later dismissed, Doc. #61, filed a response stating it had no position on the motion. Doc. #36.

[8] Land filed an untimely joinder to Haymans' reply. Doc. #46.

[9] On December 10, 2019, Philip H. Neilson filed a motion to intervene to assert a claim to the interpleader funds. Doc. #64. He was permitted to intervene on January 8, 2020. Doc. #73. Neilson filed his intervenor complaint on January 15, 2020. Doc. #74. A separate answer to Neilson's intervenor complaint was each filed by Land, Doc. #76; Grantham

# II
# Summary Judgment Standard

A court may enter summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (cleaned up).

The "party seeking summary judgment always bears the initial responsibility of demonstrating the absence of a genuine issue of material fact." *Id.* (alterations omitted). When the movant would not bear the burden of persuasion at trial, he may satisfy his initial summary judgment burden "by pointing out that the record contains no support for the non-moving party's claim." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019). If the moving party satisfies his initial burden, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Jones*, 936 F.3d at 321 (alterations omitted).

# III
# Factual Background

The interpleaded funds in this case are those payable to Smith or his law firm through shared client representations with Soutullo and referral fees from Cunningham Bounds. *See* Docs. #2, #50. The relevant claimants assert entitlement to the funds as described below.

### A. Haymans

Haymans asserts a claim based on a January 14, 2015, judgment in his favor against Smith and Smith's law firm obtained in a November 26, 2014, fraud action brought in the Circuit Court

---

and Yerger jointly, Doc. #77; Hoskins, Doc. #78; Haymans, Doc. #79; Cannon, Davis and Poole jointly, Doc. #81; and Huggins and McCain jointly, Doc. #82.

of Lafayette County, Mississippi. Doc. #26-1 at PageID #969; Doc. #37-2. The judgment, which is in the amount of $258,798.19, to accrue at 12% post-judgment interest, was enrolled with the Lafayette County Circuit Clerk on January 22, 2015, and enrolled with the Circuit Court of Mobile County, Alabama, on February 23, 2015. Doc. #26-1 at PageID ##969–70.

Haymans filed a writ of garnishment in the Mobile County Circuit Court against the Soutullo law firm on April 20, 2015. *Id.* at PageID #969. It appears Haymans filed an amended[10] writ of garnishment in the Mobile County Circuit Court on June 18, 2015. Doc. #37-3. The firm answered the amended writ of garnishment on July 20, 2015, stating:

> Garnishee was not indebted to the Defendant, Tyler L. Smith and Assoc., PLLC, at the time it received the Process of Garnishment, nor when making this answer or during the intervening time. However, Garnishee <u>does anticipate</u> that it will <u>most likely become</u> indebted to the Defendant, Tyler L. Smith and Assoc., PLLC, in the future by existing contracts. However, the contracts that are expected to give rise to said indebtedness are themselves based upon a series of underlying legal claims, the outcomes of each of which are, by their very nature, uncertain and contingent.

*Id.* at 2. On September 27, 2017, Haymans filed a writ of garnishment with the Lafayette County Circuit Clerk regarding the funds in this interpleader case. Doc. #26-1.

### B. The Government

On January 13, 2016, Smith was indicted by a grand jury sitting in the Northern District of Mississippi for one count of wire fraud, in violation of 18 U.S.C. § 1343. *United States v. Smith*, 3:16-cr-9, at Doc. #1 (N.D. Miss. Jan. 13, 2016). Specifically, the indictment alleged that Smith "used false material misrepresentations to induce individuals to provide him with loans, including but not limited to, presenting victims and lenders with a list of BP Claims and [fraudulently] claiming that he had a valuable interest in the attorney's fees related to the BP Claims." *Id.* at PageID ##2–3.

---

[10] The reason for amendment is unclear.

4

Smith pled guilty to the sole count of the indictment on May 16, 2016. *Id.* at Doc. #29. On October 25, 2016, judgment was entered against Smith. *Id.* at Doc. #45. The judgment provides for restitution in the amount of $1,573,351.39, to be distributed on a pro rata basis as follows:

- $155,900 for Land
- $165,000 for McCain
- $262,000 for Yerger
- $59,000 for Grantham
- $150,00 for Poole
- $158,000 for Haymans
- $266,845 for Davis
- $128,433.73 for Cannon
- $80,000 for Hoskins
- $10,000 for Soutullo
- $7,500 for Adrianne and Dwight Lovelady
- $33,500 for Shelton
- $97,172.66 for Williams

*Id.* at PageID #121. On November 3, 2016, the government filed a Notice of Lien in the Chancery Court for Panola County, Mississippi, with respect to the restitution judgment. Doc. #26-10.

### C. Land

On March 16, 2015, Land filed suit against Smith in the Circuit Court of Panola County, Mississippi. Doc. #26-3. The same day, Land wrote to Cunningham Bounds notifying it of "a lien on attorney fees due" to Smith and his firm. Doc. #26-4. Land sent a similar letter to Soutullo's firm on May 7, 2015. Doc. #26-3. After resolution of Smith's criminal case, Land obtained an abstract of the criminal judgment and enrolled it in the Judgment Roll of Lafayette County, Mississippi, on December 20, 2016. Doc. #26-7. It appears that Land was the first of the restitution debtors to register a judgment abstract.

### IV
### Analysis

In seeking summary judgment on the issue of priority, Haymans argues that its January 22,

2015, judgment was executed by garnishment on April 20, 2015, and, therefore, is "superior in time" to the October 25, 2016, restitution order. Doc. #27 at 8. Land contends he is next in priority because he was "the first enrolled restitution judgment creditor."[11] *Id*. at 3. The government responds that its restitution lien has priority over both claims. Doc. #38 at 14.

Interpleader actions ordinarily arise from diversity jurisdiction and, therefore, are subject to the *Erie*[12] mandate to apply the substantive law of the forum state. *See Mead Corp v. Abeles*, 530 F.2d 38, 39 (5th Cir. 1976). However, *Erie* "is not controlling when the interpleader action involves federal law or the United States is a party." 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1713 (3d ed. 2019). Rather, "federal law determines the priority of competing federal and state-created liens." *FamilyFirst Bank v. Kusek*, 657 F. Supp. 2d 258, 262 (D. Mass. 2009). In such cases, "[a]bsent provision to the contrary, priority for purposes of federal law is governed by the common-law principle that the first in time is the first in right." *U.S. ex rel. I.R.S. v. McDermott*, 507 U.S. 447, 449 (1993) (quotation marks omitted).

To be superior to a federal tax lien, which a federal court order of restitution is considered to be,[13] a state lien "not only must … be perfected first under state law, but it must also have become perfected—or choate—as determined by federal law prior to the filing of the notice of the federal tax lien." *United States v. Ultra Dimensions*, 803 F. Supp. 2d 596, 600 (E.D. Tex. 2011). A state lien is perfected (or choate) when "the identity of the lienor, the property subject to the

---

[11] Land does not appear to argue that his filing of a lawsuit or his demand letters served to impose a lien on their own. To the extent he raises such an argument, he cites no authority for the proposition.

[12] *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

[13] *See* 18 U.S.C. § 3613(c) ("[A]n order of restitution … is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986."); *see also United States v. Elashi*, 789 F.3d 547, 551 (5th Cir. 2015) ("[A] restitution order [is] enforceable to the same extent as a tax lien.").

lien, and the amount of the lien are established." *McDermott*, 507 U.S. at 449 (cleaned up). A tax lien is perfected, for the purpose of priority analysis, when notice of the lien is filed, as required by statute. *Id*. at 453. This is true even if the notice predated acquisition of the property subject to the lien. *Id*. Priority as between a tax lien and a restitution lien is determined by the date of statutory perfection. *United States v. De Cespedes*, 603 F. App'x 769, 771–72 (11th Cir. 2015).

### A. Perfection of Government's Lien

A government lien arising from a restitution order is perfected upon "filing of a notice of lien in the manner in which a notice of tax lien would be filed under [26 U.S.C. §] 6323(f)(1) and (2)." 18 U.S.C. § 3613(d). In the case of intangible personal property in Mississippi, a tax lien is perfected when it is filed with the chancery court in the county of the debtor's residence. *Simmons v. Thomas*, 827 F. Supp. 397, 401 (S.D. Miss. 1993) (citing Miss. Code Ann. § 11-7-189). There is no dispute that Smith resides in Panola County, where the government recorded the restitution lien on November 3, 2016. Nor is there any dispute that this date represents the date of perfection for the lien.

### B. Perfection of Land's Lien

A lien of a victim arising from a restitution order is perfected "[u]pon registering, recording, docketing, or indexing such abstract in accordance with the rules and requirements relating to judgments of the court of the State where the district court is located." 18 U.S.C. § 3664(m)(1)(B). Assuming without deciding that Land's December 20, 2016, registration of the abstract with the Chancery Court of Lafayette County served to perfect a lien, this perfection occurred more than a month after the government perfected its restitution lien. Accordingly, Land has failed to show an absence of a genuine issue of material fact that his lien takes priority over the government's lien.

## C. Perfection of Haymans' Lien

Having determined the perfection date of the government's lien to have been November 3, 2016, the question becomes whether Haymans perfected the judgment lien under both state and federal law before this date. *See Ultra Dimensions*, 803 F. Supp. 2d at 600.

Under Mississippi law,[14] a judgment enrolled with a county chancery court "shall be a lien upon and bind all the property of the defendant within the county where so enrolled …." Miss. Code Ann. § 11-7-191. However, "money is not subject to an enrolled judgment lien absent a seizure of money." *William Iselin & Co., Inc. v. Delta Auction & Real Estate Co.*, 433 So. 2d 911, 915 (Miss. 1983). A seizure occurs when the holder of the judgment obtains "a writ of garnishment or other appropriate writ to seize the proceeds …." *Id*. Accordingly, Haymans' priority over the government's lien depends on whether he seized the funds at *issue in this case* through a writ of garnishment or other appropriate means.

Haymans filed three writs of garnishment—two in Alabama against Soutullo's law firm in 2015 for funds allegedly owed to Smith, and one in Mississippi in 2017 for the funds at issue in this case. To the extent the 2017 garnishment post-dates the perfection of the government's lien, it is irrelevant to the priority analysis.

As for the Alabama garnishments, Haymans has cited no Mississippi or Alabama law which authorizes out-of-state seizures of funds in the manner he attempted (enforcing a Mississippi judgment in Alabama without registering the judgment in Alabama). Even if such a procedure were proper, the writs could not have attached to the debt because "in order for a debt to be subject to garnishment [in Alabama], the debt must be due absolutely and without contingency." *First*

---

[14] The parties do not dispute that Mississippi law governs the status of Haymans' judgment lien, which was enrolled in the Mississippi.

*State Bank of Franklin Cty. v. Southtrust Bank of Marion Cty.*, 519 So.2d 496, 497 (Ala. 1987). There is no evidence of an actual debt owed by Soutullo's firm to Smith at the time Haymans filed the writs of garnishment. To the contrary, the only evidence of record, the firm's answer to the writ, states that there was no such debt. Accordingly, Haymans cannot establish the validity of the Alabama writs of garnishment. Without such a showing, summary judgment on the issue of priority is unwarranted.

## V
## Conclusion

For the reasons above, the Court cannot conclude that there is no genuine issue of material fact that Haymans and Land have priority liens over all other claimants. Accordingly, their motion for summary judgment [26] is **DENIED**.

**SO ORDERED**, this 20th day of February, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**