**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**SCOTT SOUTULLO**                                                                           **PLAINTIFF**

**V.**                                         **NO. 3:19-CV-148-DMB-RP**

**TYLER L. SMITH, et al.**                                                **DEFENDANTS**

**ORDER**

On August 4, 2020, United States Magistrate Judge Roy Percy issued a report and recommendation which recommends that (1) "Tyler L. Smith, Tyler L. Smith & Associates, PLLC, Karen Smith, Jeff Irvin, and James Irvin be **DISMISSED** from this action without prejudice pursuant to Rule 4(m) due to the plaintiff's failure to serve them with process;" (2) "Jason Shelton be **DISMISSED** from this action without prejudice pursuant to Rule 41(b) due to the failure of the plaintiff or any other defendant to prosecute their claims against Mr. Shelton by way of entry of default and default judgment proceedings;" and (3) "Scott Soutullo be **DISMISSED** as a defendant in this action [but] should remain the plaintiff … until discharged." Doc. #120 at 5. Soutullo was discharged as the plaintiff on August 10, 2020. Doc. #121.

In the absence of an objection from any party, this Court "need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (*citing United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)). Having reviewed the report and recommendation under this standard, and having found no clear error or error of law, the Court **ADOPTS** the report and recommendation [120] as the order of the Court. Tyler L. Smith, Tyler L. Smith & Associates, PLLC, Karen Smith, Jeff

Irvin, James Irvin, and Jason Shelton are all **DISMISSED without prejudice**. Scott Soutullo is **DISMISSED with prejudice** as a claimant.[1]

    **SO ORDERED**, this 15th day of January, 2021.

                                              **/s/Debra M. Brown**
                                              **UNITED STATES DISTRICT JUDGE**

---

[1] While the report and recommendation did not include a recommendation as to whether the dismissal should be with or without prejudice, it noted that Soutullo "disavow[ed]" any interest in the interpleaded funds. Doc. #120 at 5. Given this, the dismissal is appropriately with prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, … any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").